IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:25cr144/TKW

JOSHUA DEAN HARDY

_____/

### FACTUAL BASIS FOR GUILTY PLEA

This statement of facts is submitted on behalf of the undersigned parties. All parties agree that if the above-captioned case were to go to trial, the government could produce competent, substantial evidence of the following facts to prove the defendant is guilty of the count(s) of the Indictment to which the defendant is pleading guilty. The parties further agree that all of the following facts are true and correct and that not all of the facts known from or related to this investigation are contained in this brief summary.

On November 12, 2023, an Escambia County Sheriff's Office Deputy conducted a traffic stop on a vehicle in the Northern District of Florida. While approaching the vehicle, the Deputy observed an AR-15 rifle with an attached silencer on the back seat floorboard. The Deputy made contact with the driver, Joshua Dean **HARDY** (**HARDY**) and front seat passenger J.M.. The Deputy asked **HARDY** if he had the proper licenses to have a silencer on his rifle. **HARDY** stated

1

it was not a silencer and indicated he did not have a license. Upon examination, the device appeared to have baffles indicating that it was, in fact, a silencer. ECSO Sergent Joseph Scapecchi, a Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Task Force Officer (TFO), examined a picture of the rifle and silencer at which time TFO Scapecchi instructed the deputy seize it. The rifle, a Savage Arms MSR15, along with the magazine and 34 rounds of ammo, were collected.

The ATF Firearms and Ammunition Technology Division (FATD) laboratory evaluated the device. The lab determined that the device is a firearm silencer as defined by 18 U.S.C. § 921(a)(25). The lab further determined that the device is firearm as defined by both 18 U.S.C. § 921(a)(3)(C) and 26 U.S.C. § 5845(a)(7). The lab found the device had no visible NFA manufacturers markings or a serial number as required by 26 U.S.C. § 5842. TFO Scapecchi also conducted a records check of the National Firearms Registration and Transfer Record for **HARDY**, which provided no record found.

*July 23, 2025 Incident*

On or about July 23, 2025, in the early morning hours, **HARDY** accidentally shot himself in the leg with an AK style rifle while "patrolling" his family property, which is located within the Northern District of Florida. **HARDY** was transported by a family member to a hospital in Atmore, Alabama, and was later transported to Sacred Heart Hospital in Pensacola, Florida.

Deputies spoke with members of **HARDY's** family. They told law enforcement that they had spoken with **HARDY** by phone while he was in the hospital and **HARDY** had asked them to get his firearm and items from the woods where he shot himself. A family member told law enforcement that they located the items and took them to a shed where they placed them on top of a chest type freezer.

Deputies located an AK style rifle, a tactical vest, and a helmet on top of the freezer. Deputies also located a Glock 9mm handgun, multiple magazines including AK magazines, armored plates, and a medical pouch. Deputies observed a suspected destructive device with a fuse in another pouch on the vest.

Investigators obtained a search warrant for **HARDY's** residence. During the search of **HARDY's** room, two additional suspected destructive devices, destructive device materials, a Harrington and Richardson, Inc. .22 LR revolver with the model and serial number removed, a suspected silencer, and a Laptop were located.

The ATF determined the Harrington and Richardson, Inc. .22 LR revolver was manufactured in Massachusetts. Another records check of the National Firearms Registration and Transfer Record for **HARDY** revealed that there was no record of any firearm registered to **HARDY** as of July 28, 2025. An ATF preliminary report for the suspected silencer seized from **HARDY's** room determined the item to be "a silencer as defined in 18 U.S.C. § 921(a)(25) and a NFA firearm as defined in 26 U.S.C. § 5845(a)(7)." Another ATF preliminary device report for the suspected

3

destructive device seized from **HARDY's** room determined that one of the items was consistent with the construction and characteristics of a destructive device.

## ELEMENTS OF THE OFFENSE

**COUNTS 1 & 2 – Possession of a Firearm Not Registered in the National Firearms Registration and Transfer Record and Not Identified by a Serial Number**

(1) The defendant knowingly possessed a firearm; and

(2) the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record; and

(3) the defendant knew of the specific characteristic or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record;

*or*

(2) the firearm did not have a serial number; and

(3) the defendant knew the firearm did not have a serial number.

**COUNT 3 - Possession of a Firearm With an Obliterated Serial Number;**

(1) The defendant knowingly possessed a firearm that had traveled in interstate or foreign commerce;

(2) The serial number of the firearm had been removed, altered, or obliterated; and

5

(3) The defendant knew that the serial number had been removed, altered or obliterated.

*Randall Lockhart* (signature)
RANDALL S. LOCKHART
Attorney for Defendant

*Joshua Hardy* (signature)
JOSHUA D. HARDY
Defendant

11-21-25
Date

JOHN P. HEEKIN
United States Attorney

*signature*
CHRISTOPHER C. PATTERSON
Assistant U.S. Attorney