**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **Case No.:  3:25CR144/TKW**

**JOSHUA DEAN HARDY**

_____/

## PRELIMINARY ORDER OF FORFEITURE

This case is before the Court based on the Government's motion for a preliminary order of forfeiture (Doc. 36).  Upon due consideration of the motion and the case file, the Court finds as follows:

Defendant pled guilty to Counts One, Two and Three of the Indictment which charged him with possession of a silencer in violation of 26 U.S.C. §§5861(d), 5861(i), and 5871 (Counts One and Two) and possession of a firearm that had the manufacturer's serial number removed, obliterated, and altered in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Count Three).  The Court accepted the guilty plea.

The Government seeks a Preliminary Order of Forfeiture of the following property involved in the offenses:

1. **SAVAGE MSR-15 RIFLE CAL:556 SN:10-011311;**
2. **Unknown Manufacturer Unknown SILENCER CAL:MULTI SN:None.**

The Government has established the required connection between the crimes of conviction and the property.

Based on these findings, it is ORDERED that the Government's motion is GRANTED, and

1       The property described above is forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. §853(n).

2.      Upon the entry of this Order, the Government is authorized to seize the above-listed property and to conduct any discovery proper in identifying, locating, or disposing of the property.  The Government is also authorized to commence any applicable proceeding to comply with statutes governing third-party rights.

3.      The Government shall publish notice of this Order and its intent to dispose of the property, and it may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property.

4.      This Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment pursuant to Fed. R. Crim P. 32.2(b)(4)(A), and if no third-party files a timely claim, this Order shall become the Final Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2).

5.      The United States shall have clear title to the above-listed property

following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided for the filing of third-party petitions.

6.    The Court retains jurisdiction to enforce this Order and amend it as necessary. *See* Fed. R. Crim. P. 32.2(e).

**DONE AND ORDERED** this 5th day of February, 2026.

 

 

_____

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**